IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Phillip Madison Holley, | ) | C/A No. 0:05-0447-CMC |
| | ) | CR No 0:03-556 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. The Petition was filed in this court on February 14, 2005, alleging four grounds for relief related to ineffective assistance of counsel.[1] Respondent filed a Response containing a motion to dismiss on May 4, 2005, to which Petitioner responded on June 16, 2005. Respondent thereafter filed an extensive and thorough reply on August 26, 2005. For the reasons stated in Respondent's Responses filed May 4 and August 26, 2005, the petition is **denied**.

Petitioner was charged in a Superceding Indictment on June 3, 2003 with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), as well as the forfeiture provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). On November 10, 2003, Petitioner entered a guilty plea pursuant to a plea agreement to Count One of the Superceding Indictment; Count Two was dismissed at sentencing. On July 9, 2004, this court sentenced

---

[1] Petitioner waived his right to pursue a collateral attack upon his conviction and sentence via § 2255 when he entered his guilty plea except regarding issues relating to ineffective assistance of counsel and prosecutorial misconduct.

Petitioner to a period of incarceration of one year and one day,[2] to be followed by three years' supervised release. Petitioner did not file a direct appeal, and this § 2255 followed.

Petitioner asserts four grounds relief, all linked to alleged ineffective assistance of counsel claims. Grounds One and Two argue Petitioner's counsel was ineffective in failing to object to the use of certain statements made to law enforcement officers prior to Petitioner's arrest. Ground Three asserts his counsel was ineffective because the weapons found in Petitioner's residence were "not possessed in violation of the laws of South Carolina ," and Ground Four alleges Petitioner's counsel was ineffective in not objecting to the status of Petitioner's civil rights. Petitioner argues his civil rights had been restored and therefore (according to Petitioner) he could lawfully possess the weapons he was charged with possessing. In this same ground, Petitioner contends that "the South Carolina offense" is a misdemeanor, and therefore that conviction is insufficient to provide the basis for a "felon in possession" charge.

As part of his negotiated plea, Petitioner waived his right to challenge his conviction and sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct. A defendant not only may waive his right to file a direct appeal of his conviction and sentence, *see United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990), but he also may waive his right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner makes no assertion that his plea was not knowing and voluntary; rather, he attempts to circumvent the plea agreement by

---

[2]A review of the Bureau of Prisons website indicates Petitioner's anticipated release date is October, 2005.

alleging ineffective assistance of counsel. While this court believes this petition is without merit, Petitioner's grounds for relief are addressed below.

**I. Grounds One and Two: Failure to Object to Statements**[3]

Petitioner admits in the petition–and repeats throughout his filings–that upon being confronted by Alcohol, Tobacco, and Firearms (ATF) Special Agent Ray Brown during a January 2003 encounter, Petitioner made certain voluntary statements and agreed to the search of his residence, even though Agent Brown had a search warrant. Petitioner states in the petition that he "voluntarily" accompanied agents to his and his father's residence. In fact, Petitioner states "[Petitioner] was never taken into custody after a brief conversation with agents regarding the items in side [sic] his house." Memo. Supp. of Petition at 10, filed Feb. 14, 2005. However, in an affidavit accompanying his response to Respondent's motion to dismiss, filed June 16, 2005, Petitioner alleges for the first time that he was handcuffed after he agreed to the search of his home, and therefore statements Petitioner made to law enforcement after this alleged handcuffing should be stricken, as Petitioner was "under the impression that he was under arrest so [Petitioner] began cooperating with agents." Aff. Phillip Madison Holley at 1, filed June 16, 2005.[4]

---

[3]Petitioner attempts to use 18 U.S.C. § 3501 to evaluate the voluntariness of certain statements to law enforcement. This statute has been ruled unconstitutional, *See Dickerson v. United States*, 530 U.S. 428 (2000); however, courts still evaluate the voluntariness and admissibility of statements pursuant to the constitutional standard enunciated in the *Miranda v. Arizona*, 384 U.S. 436 (1966) decision.

[4]If Petitioner were arguing that statements he made to an undercover officer during the course of Respondent's investigation would not be admissible, this argument would necessarily fail. *See Illinois v. Perkins*, 496 U.S. 292 (1990) (holding *Miranda* protections do not extend to voluntary statements given to undercover government officers).

Respondent submits an affidavit of Petitioner's trial counsel in response to Petitioner's assertion, wherein counsel states Petitioner's claim of being in custody is "contrary to both the discovery materials I was provided by the Government as well as any and all accounts provided to me by Mr. Holley." Aff. Stephen D. Schusterman at 2, Attachment A to Gov't Resp. to Def.'s Resp. Regarding the 28 U.S.C. § 2255 Motion, filed Aug. 26, 2005.  Additionally, Petitioner's own statements in filings made with this court repeatedly assert that he was not in custody when he made statements to law enforcement personnel during the search of his and his father's residence. It is only at the eleventh hour that Petitioner makes the assertion he was handcuffed and felt he was in custody for purposes of asserting his Fifth Amendment privilege against self-incrimination.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Petitioner must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Petitioner. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. In the context of a guilty plea, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's error, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474, U.S. 52, 59 (1985). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Petitioner has made no showing that his attorney rendered ineffective assistance of counsel, or that Petitioner would have proceeded to trial on these charges. Petitioner was questioned extensively by this court during the Rule 11 hearing. Petitioner admitted to having the guns in his house, *see* Tr. Ch. of Plea Hrg. (Tr.) at 37, that he was a convicted felon, *see* Tr. at 41, and that he had physical control over at least some of the weapons with which he was charged in Count One of the indictment, *see* Tr. at 46. At no point during the Rule 11 hearing, nor at any point during the criminal proceedings, did Petitioner assert that he felt he was in custody when he made the statements in question.

Petitioner produces no evidence, nor does he even allege, that his counsel would have had any reason to believe Petitioner did not or could not understand the court's comprehensive Rule 11 proceeding. During the Rule 11 proceeding Petitioner was questioned about, and admitted under oath, the above-referenced facts. In the absence of any evidence Petitioner was incompetent or incapable of participating in the Rule 11 proceeding, Petitioner cannot claim that his counsel was ineffective in permitting him to answer the court's questions, after being advised by the court and affirming that he (Petitioner) understood the elements of the offense charged, the potential sentence attaching to that charge, and the facts the Government claimed supported the charge. Petitioner has failed to show that his counsel was ineffective in his representation of Petitioner in this regard. Therefore, Grounds One and Two are **dismissed.**

**II. Ground Three: Weapons Found**

Petitioner alleges the weapons found in his house "can be possessed in South Carolina and not violated [sic] State or Federal law," Petition (Pet.) at 4, filed Feb. 14, 2005, and that "possession of a weapon does not fit the criteria of crime of violence for the purpose of § 922(g)." Pet. at 11.

5

Petitioner makes the bare assertion that "counsel was ineffective," yet provides no further evidence of any actions by counsel regarding this contention that may have prejudiced Petitioner. Absent any showing of ineffective assistance of counsel, this ground is **dismissed**.[5]

### III. Ground Four: South Carolina Offense

Petitioner asserts in his last ground for relief that counsel was ineffective for failing to object because "the South Carolina offense is a misdemeanor that would require a sentence of one year or less." Pet. at 5. Respondent has provided copies of the state indictment charging Petitioner with violation of a felony offense. *See* Attachment to Respondent's Resp., filed May 4, 2005. Petitioner makes no response to this evidence. The court finds Petitioner's claim to be without merit and it is therefore **dismissed**.

### IV. Conclusion

After a thorough review of the record, the court finds that this petition is without merit. IT IS THEREFORE ORDERED that this petition is dismissed with prejudice.

**IT IS SO ORDERED**.

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 1, 2005

C:\temp\notesFFF692\~1497814.wpd

---

[5] If this court were to address the substance of Petitioner's underlying contention, it would agree with Respondent's position that Petitioner cannot prevail on this point. *See Caron v. United States*, 524 U.S. 308, 315 (1998) (determining that "a state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all").